IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SANTOS QUINTEROS                              :
1005 Merrimac Drive                           :
Apt. 4                                        :
Silver Spring, Maryland 20903                 :
                                              :     Civil Action No.
and                                           :
                                              :
RUDI VENTURA                                  :
914 University Boulevard                      :
Silver Spring, Maryland 20903                 :
                                              :
        Plaintiffs,                           :
                                              :
v.                                            :
                                              :
SOLAR SOLUTION, LLC                           :
4700 14th Street, NW                          :
Washington, DC 20011                          :
                                              :
        Serve:  Resident Agent                :
                Atta Kiarash                  :
                5015 14th Street, NW          :
                Washington, DC 20011          :
                                              :
        Defendant.                            :

## COMPLAINT

Plaintiffs, Santos Quinteros and Rudi Ventura ("Plaintiffs"), by and through their attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Discoll PC, hereby file their Complaint against Solar Solution, LLC ("Defendant"), under the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. ST § 32-1301, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the D.C. Wage Revision Act ("DCMWRA") D.C. ST §32-1003, *et seq.*, stating as follows:

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## INTRODUCTION

Plaintiffs worked for Defendant as laborers. Plaintiffs were paid at the same hourly rate for all hours worked. They worked hours in excess of forty hours per week and were not paid at the overtime rate of one and a half times their regular hourly wages as required by D.C. and federal law. Defendant also failed to pay Plaintiff Santos Quinteros for four days of work for Saturday time. Defendant has willfully violated the clear and well-established overtime provisions of the FLSA, the DCMWRA, and the DCWPCL. Plaintiffs seek compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiffs are adult residents of Maryland.

4. Defendant Solar Solution, LLC ("Solar Solution") is a Virginia Corporation registered to do business in the District of Columbia.

5. At all times material herein, Defendant, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

6. Defendant is an "employer" within the meaning of the FLSA, the DCMWRA, and the DCWPCL.

7. Defendant has at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

commerce. Defendant negotiates and purchases from producers and suppliers who operate in interstate commerce and serves customers in interstate commerce.

8. At all times relevant, Defendant constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

## FACTS

9. Plaintiffs were employed by Defendant as laborers.

10. Plaintiff Santos Quinteros was employed by Defendant from September 11, 2011 through September 5, 2014.

11. Plaintiff Santos Quinteros was paid at various rates throughout his employment with Defendant. From September 11, 2011 through March 8, 2014 he was paid at an hourly rate of $14.00 and from March 9, 2014 through September 5, 2014 he was paid at an hourly rate of $16.00.

12. Plaintiff Santos Quinteros worked an average of fifty hours per week and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty hours.

13. Defendant also owes Plaintiff Santos Quinteros partial payment for four days of work for Saturday time.

14. Plaintiff Santos Quinteros is owed approximately $12,111.00 in straight time and overtime wages.

15. Plaintiff Rudi Ventura was employed by Defendant from December 22, 2013 through September 5, 2014.

16. Plaintiff Rudi Ventura was paid at various rates throughout his employment with Defendant. From December 22, 2013 through May 2, 2014 he was paid at an hourly rate of

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3845903_2

$12.00 and from May 3, 2014 through September 5, 2014 he was paid at an hourly rate of $13.00.

17. Plaintiff Rudi Ventura worked between fifty and sixty hours per week and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty hours.

18. Plaintiff Rudi Ventura is owed approximately $3,035.00 in overtime wages.

19. Plaintiffs are owed straight time wages and overtime wages that Defendant willfully failed and refused to pay to Plaintiffs in violation of D.C. and federal law.

20. By statute, Defendant is required to maintain records which document the number of days Plaintiffs worked.

21. The precise number of hours worked, and wages owed, should be revealed through discovery.

22. Defendant knowingly and intentionally violated Plaintiffs' rights under D.C. and federal law.

## COUNT I
## (FLSA)

23. Plaintiffs adopt herein by reference paragraphs 1 through 22 above as if fully set forth herein.

24. Defendant was required to pay Plaintiffs a minimum wage of $7.25 per hour. *See* 29 U.S.C. §206(a)(1)(c).

25. Defendant failed to pay Plaintiff Santos Quinteros for some of the hours he worked and therefore a clear violation of the minimum wage requirement.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

26. Defendant was required to pay Plaintiffs compensation at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

27. Throughout the Employment Period, Defendant failed to compensate Plaintiffs at the rate of one and a half times their regular hourly wage for all hours worked in excess of forty hours per week.

28. Defendant's actions complained of herein constitute a willful violation of Sections 206 and 207 of the FLSA.

29. Defendant's violation makes it liable to Plaintiffs for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendant, in their favor in an amount to be determined at trial, but not less than $29,972.62, which is two times the total minimum wages and overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

### COUNT II
### (Violation of the D.C. Minimum Wage Revision Act)

30. Plaintiffs adopt herein by reference paragraphs 1 through 22 above as if fully set forth herein.

31. Defendant was required to pay Plaintiffs at the rate of $8.25 as required by D.C. law. *See* D.C. ST §32-1003.

32. Defendant failed to pay Plaintiff Santos Quinteros for some of the hours he worked and therefore a clear violation of the minimum wage requirement.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5

3845903_2

33. Defendant was required to pay Plaintiffs one and a half times their regular hourly rates for hours in excess of forty hours per week. *See* D.C. ST §32-1012.

34. Throughout the employment periods, Defendant failed to compensate Plaintiffs at the rate of one and a half times their regular hourly wage for all hours worked in excess of forty hours per week as required by DCMWRA.

35. Defendant failed to pay Plaintiffs the required minimum wage and overtime as required by DCMWRA.

36. Unpaid minimum and overtime wages are due and owing to Plaintiffs by Defendant.

37. Defendant's failure and refusal to comply with its obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendant, in favor of Plaintiffs in an amount to be determined at trial, but not less than $15,004.56 and to grant to Plaintiffs their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the D.C. Wage Payment and Collection Law)

38. Plaintiffs adopt herein by reference paragraphs 1 through 22 above as if fully set forth herein.

39. The amounts owed to Plaintiffs by Defendant for unpaid straight time and overtime constitute "wages" under the DCWPCL. D.C. ST § 32-1301(3).

40. Defendant owes Plaintiff Santos Quinteros partial payment for four days of work for Saturday time.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

41. Defendant was required to pay to Plaintiffs overtime wages at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week.

42. While employed by Defendant, Plaintiffs worked overtime hours that were not properly compensated by Defendant as required by the DCWPCL.

43. Unpaid straight time and overtime wages are due and owing to Plaintiffs by Defendant.

44. Defendant's failure and refusal to comply with its obligations under the DCWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter judgment against Defendant, in favor of Plaintiffs in an amount to be determined at trial, but not less than $45,438.00, which is approximately three times the wages owed; and to grant to Plaintiffs their reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By:    /s/ *Mary Craine Lombardo*
Mary Craine Lombardo (#495881)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiffs*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

7

3845903_2